```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 FORT SMITH DIVISION
```

**WILLIAM BLANKENSHIP, JR.**                                      **PLAINTIFF**

        v.                Civil No. 08-2074

**USA TRUCK, INC.**                                               **DEFENDANT**

### O R D E R

    Now on this 5th day of March, 2009, comes on for consideration **USA Truck, Inc.'s Motion To Dismiss** (document #7), and from said motion, and the response thereto, the Court finds and orders as follows:

    1.   Plaintiff seeks compensatory and punitive damages for breach of contract and fraud.  He alleges that he had a contract (the "Agent Agreement") with defendant whereby he would receive commissions for haulage fees on certain accounts (the "Protected Accounts") regardless of whether he provided haulage or defendant did.  He further alleges that defendant provided haulage with respect to the Protected Accounts, and then did not pay him -- thus breaching the Agent Agreement.

    Plaintiff further alleges that he and defendant reached a settlement of his claim for breach of the Agent Agreement, but that defendant fraudulently induced him to sign the Release And Settlement Agreement (the "Settlement Agreement") by giving him false and misleading information about the number of loads hauled in violation of the Agent Agreement.  He claims that, as a result

of this information, he settled a claim worth several million dollars for $85,000.

2.   Defendant moves to dismiss, asserting that the Complaint is barred on its face by the defenses of release, accord and satisfaction, and waiver, and that it fails to state facts upon which relief can be granted.

Plaintiff opposes this motion, and the issues are fully briefed and ripe for decision.

3.   It is axiomatic that

> [a] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  A complaint must be viewed in the light most favorable to the plaintiff and should not be dismissed merely because the court doubts that a plaintiff will be able to prove all of the necessary factual allegations.  Thus, as a practical matter, a dismissal under Rule 12(b)(6) is likely to be granted only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief.

**Krentz v. Robertson Fire Protection District, 228 F.3d 897, 905 (8th Cir. 2000)**(internal quotation marks and citations omitted).

This appears to be such an unusual case -- with respect to both of plaintiff's asserted claims.

(a)   The Breach of Contract Claim:

Plaintiff attached to his Complaint a copy of the Settlement Agreement, thus making it a part of the Complaint.  **F.R.C.P. 10(c).**  The Settlement Agreement provides that plaintiff releases

-2-

defendant from all claims arising out of the Agent Agreement. In light of this provision, plaintiff's breach of contract claim cannot stand unless the Settlement Agreement is invalid. It follows, therefore, that the crucial issue here is the fraud claim. If it is not sustainable, then neither is the breach of contract claim.

(b)  <u>The Fraud Claim</u>:

The elements of a claim of fraudulent inducement under Arkansas law are:

* defendant's false representation of a material fact;

* defendant's knowledge that the representation is false or that he has insufficient information to make it;

* defendant's intent to induce reliance;

* plaintiff's justifiable reliance; and

* damage resulting from such reliance.

**<u>Pambianchi v. Howell</u>, 100 Ark. App. 154, 158, 265 S.W.3d 788, 792 (Ark. 2007).**

As relevant to the fraud claim, the Settlement Agreement recites that

> [i]t is understood and agreed that this is a settlement and compromise of doubtful and disputed claims, . . .no statement or representation by or on behalf of any person, entity or party hereby released, or their agents or representatives, concerning the nature and extent of any losses, commissions or damages, or legal liability therefore, has been made or considered by the undersigned in executing this Release.

\*   \*   \*

> **. . . THE TERMS OF THIS RELEASE ARE CONTRACTUAL AND NOT A MERE RECITAL.**

(Emphasis in original.)

In light of these statements, plaintiff faces a difficult proposition. He admits that he agreed to settle his claims against defendant and that he signed a Settlement Agreement intending to do so. However, he seeks to avoid the Settlement Agreement by contending that there was made to him some representation, by or on behalf of the defendant he released, concerning the nature and extent of any losses, commissions or damages (i.e. the number of loads hauled in violation of the Agent Agreement) which was false and which fraudulently induced him to sign the Settlement Agreement. The difficulty is that the Settlement Agreement clearly and unequivocally states that no such statements or representations had been either made to him or considered by him when he executed the Settlement Agreement.

The question thus is: may a party sign an agreement clearly stating that he was not relying on any statement or representation of the other party, and then avoid that agreement by later claiming that, in fact, he <u>was</u> relying on some statement or representation of the other party which turned out to be false?

While plaintiff cites case law for the unquestioned proposition that fraud voids a contract, he misses the important point that, without proof of justifiable reliance, there is no actionable fraud.

-4-

The Court's analysis of this matter shows:

*   this is not a case wherein a party released "claims known and unknown" and there were concealed, unknown claims;

*   this is not a case wherein the contract purports to waive fraud so as to call up an issue of public policy;

*   this is not a case wherein a self-dealing fiduciary made fraudulent representations, such as occurred in **Wal-Mart Stores, Inc. v. Coughlin**, **369 Ark. 365, 255 S.W.3d 424 (Ark. 2007)**;

*   this is not case wherein plaintiff claims that he was overreached, coerced, threatened, or incapacitated when he signed the Settlement Agreement;

*   this is not a case wherein the plaintiff claims that the relevant language is ambiguous, nor that it is buried in pages of boilerplate in tiny print; and

*   this is not a case wherein plaintiff contends that he misread or misunderstood the Settlement Agreement.

The analysis persuades the Court that, for plaintiff's fraud claim to stand, it would have to accept the notion that plaintiff can base a claim of fraud on his own untruthful statement in the Settlement Agreement that he did not rely on any representations of the defendant. The Court is not aware of any legal justification for that notion and, therefore, declines to accept it.

4.  Defendant acknowledges that there is no case law in

Arkansas directly on point on this issue, but marshals cases from other jurisdictions in support of its position. It cites, among others, **MBIA Inx. Corp. v. Royal Indemnity Co.**, **426 F.3d 204 (3rd Cir. 2005)**(when sophisticated parties include broad but unambiguous anti-reliance clause in contract, Delaware Supreme Court will likely indulge assumption that they "said what they meant and meant what they said"); **Armstrong v. American Home Shield Corp.**, **333 F.3d 566, 571 (5th Cir. 2003)**(fraud claim can be negated where merger clause evinces clear and unequivocal intent to disclaim reliance on specific representations); **Manufacturers Hanover Trust Co. v. Yanakas**, **7 F.3d 310 (2nd Cir. 1993)**(when contract states that party disclaims the existence of or reliance upon specific representations, he will not be allowed to claim fraud in the inducement based on those representations); **First Financial Federal Savings & Loan Ass'n v. E.F. Hutton Mortgage Corp.**, **834 F.2d 685 (8th Cir. 1987)**(under New York law, general merger clause does not preclude claim of fraud in the inducement but specific disclaimer of reliance does).

The Court finds the cases cited by defendant to be persuasive and, therefore, concludes that plaintiff's Complaint fails to state a claim upon which relief can be granted. The Motion To Dismiss will, therefore, be granted.

**IT IS THEREFORE ORDERED** that **USA Truck, Inc.'s Motion To Dismiss** (document #7) is **granted**, and plaintiff's Complaint is

dismissed with prejudice.

IT IS SO ORDERED.

   /s/ Jimm Larry Hendren
JIMM LARRY HENDREN
UNITED STATES DISTRICT JUDGE