```
              IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF ARKANSAS
                       FORT SMITH DIVISION
```

WILLIAM BLANKENSHIP, JR.                                        PLAINTIFF

v.                          No. 2:08-CV-02074

USA TRUCK, INC.                                                 DEFENDANT

## PRETRIAL ORDER

Before the Court are Plaintiff William Blankenship's Motion in Limine and Protective Order (Doc. 47), and Defendant USA Truck, Inc.'s ("USA") Motion to Exclude Testimony (Doc. 49) and Motion in Limine (Doc. 51), as well as all corresponding supporting documents, responses and replies. The Court also held a pre-trial conference on July 14, 2011 in which the parties were able to advance additional arguments concerning these motions on the record. This Order sets forth the Court's rulings on the above-listed motions. To the extent that this Order conflicts with any oral pronouncement at the pre-trial conference, the findings in this Order are the final and binding findings of the Court in the current matter. The Court will address each Motion in turn.

**I. Blankenship's Motion in Limine and Protective Order** (Doc. 47)

Concerning the testimony of Rodney Mills, Mr. Mills will be allowed to testify as to his conversations with the Plaintiff without waiving privilege, as those conversations would not be subject to attorney-client or work product privilege. Similarly, privilege was not generally waived by USA through the proper use of an email to refresh a witness' memory during deposition. However, should Mills testify to privileged information at trial,

Blankenship may renew his motion at that time, and the Court will consider whether a finding of a general waiver is appropriate.

As to Tyler Higginbotham, the parties indicated that this is a moot issue, as USA no longer intends to call Higginbotham at trial. If USA calls Higginbotham, Blankenhship may renew his Motion at that time. Blankenship's Motion in Limine and Protective Order is DENIED.

## II. USA's Motion to Exclude Testimony

Concerning the testimony of George Byram, Byram's testimony will not be excluded at this time. As the underlying business records in this case are voluminous, a summary of the relevant information would likely be helpful to the jury. Should any objections be raised at trial, the Court will rule on Byram's qualifications as either a summary witness under Rule 1006 or as an expert witness at that time. USA's Motion to Exclude Testimony is, therefore, DENIED.

## III. USA's Motion in Limine

USA's Motion in Limine is GRANTED in part insofar as Blankenship may not introduce statements suggesting USA has canceled or breached agreements with any other agent or broker; make any reference to USA having a history of treating its agents less favorably than other carriers; reference the salary or compensation of USA personnel; make requests for stipulations in front of the jury; or make references to whether or not USA has insurance. The above information is not relevant to the instant matter. Blankenship will not, however, be barred from addressing

the above issues if the door is first opened by USA.

Neither party is to make reference to previous litigation in which the parties were involved unless the issue somehow becomes relevant at trial.

Blankenship may not make any suggestion that USA owes Blankenship commissions for any accounts other than Alcoa, Crane Plumbing, Southwest Chemical, SST International, Tuesday Morning, or Willamette. Based on the Court's ruling on USA's Motion for Partial Summary Judgment concerning Sears and Whirlpool loads, both parties are also instructed to refrain from mentioning the Sears and Whirlpool accounts, as they are no longer relevant in this matter.

Blankenship may not reference the net worth or other financials of USA. The Court finds that Blankenship has elected to pursue his fraud in the inducement action in contract - not in tort - and punitive damages are, therefore, not an appropriate remedy. Furthermore, "[p]unitive damages are merely incidental to the primary cause of action and are dependent upon an award of actual damages." Howard W. Brill, *Arkansas Practice Series: Law of Damages*, § 9.5 (5th ed. 2004) (citing *Olmstead v. Moody*, 311 Ark. 163 (1992)). Any compensatory damages Blankenship is seeking in this case would result from the underlying breach of contract action and not directly from the settlement agreement. Therefore, on the fraudulent inducement claim, there could be no award of actual damages on which a jury could base any award of punitive damages. Blankenship is essentially merely using fraudulent

inducement as a defense to enforcement of the settlement agreement. Should Blankenship succeed on his fraudulent inducement claim, his remedy is merely rescission of the settlement agreement and the ability to proceed on his breach of contract action as to the underlying contract. Further, punitive damages are not generally recoverable for breach of contract actions under Arkansas law. *McClellan v. Brown*, 276 Ark. 28, 30 (1982); *see also* Brill, *supra*, at § 9.3. Nor is there any allegation or evidence that punitive damages would otherwise be appropriate in the underlying breach of contract action. Information regarding USA's net worth or financials is, therefore, irrelevant.

All other issues raised in USA's Motion will be addressed if and when they arise at trial. USA's Motion on the remaining points is, therefore, DENIED.

If the parties believe any item excluded by the Court should be admitted or becomes relevant, they are instructed to approach the bench and discuss the matter barside.

**IV. Other**

At the pre-trial conference the Court also asked for clarification as to the parties' arguments regarding any temporal limitations on damages as to the underlying contract between the parties. The contract requires a 90 day written notice of cancellation. (Doc. 1-1). After the 90 days have passed, USA is required to "cease hauling for all of the accounts listed." *Id.* The 18 month period is renewed, under the contract, if USA were to haul loads for any of Blankenship's accounts during the cease-hauling

period. *Id*. The Court cannot, based on the information presented in the parties' briefs and at the hearing, find that the above provisions are invalid as a matter of law. A fact question remains for the jury as to whether damages should otherwise be temporally limited.

IT IS SO ORDERED this 15th day of July, 2011.

/s/ Paul K. Holmes, III
**PAUL K. HOLMES, III
UNITED STATES DISTRICT JUDGE**