IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WILLIAM BLANKENSHIP, JR.                                                              PLAINTIFF

v.                              Case No. 2:08-CV-02074

USA TRUCK, INC.                                                                       DEFENDANT

### MEMORANDUM OPINION AND ORDER

Currently before the Court are Defendant USA Truck, Inc.'s ("USA Truck") Motion for Reconsideration and brief in support (Docs. 82 and 83), Plaintiff William Blankenship, Jr.'s Response and brief in support (Docs. 84 and 85), and USA Truck's Reply (Doc. 86). For the reasons set forth below, USA Truck's Motion for Reconsideration is DENIED.

Although not specifically set out in its Motion, the Court assumes that USA Truck seeks reconsideration of the Court's Order, entered July 15, 2011, under Federal Rule of Procedure 60(b). Under Rule 60(b), a party may be relieved from an order of the Court under certain enumerated circumstances, including the existence of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b). Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." *United States v. Young*, 806 F.2d 805, 806 (8th Cir. 1986). None of the circumstances envisioned by Rule 60(b) for finding that reconsideration may be warranted are present in this case.

USA Truck initially argued that the "non-compete" clause contained in the two-page agreement ("the Agreement") at issue in this case was invalid under Arkansas law in USA Truck's Response (Doc. 77) to Blankenship's Cross-Motion for Summary Judgment. The issue was not otherwise addressed in the parties' pleadings. The Court, however, invited the parties to address the

issue at a pre-trial hearing held on July 14, 2011. In its Order dated July 15, 2011, the Court set forth the provisions at issue and held that "[t]he Court cannot . . . find that the above provisions are invalid as a matter of law." (Doc. 81, p.5). The Court further stated that "[a] fact question remains for the jury as to whether damages should otherwise be temporally limited." *Id*. It is this holding that USA Truck is presumably asking the Court to reconsider. USA Truck states in its Motion that "the Court held that the noncompete agreement at issue in this case is ambiguous and open to multiple interpretations, leaving a question of fact for the jury." (Doc. 82, para. 1). This is a misstatement of the Court's holding. First, the Court did not make any finding that the provision at issue should be construed as a non-compete clause. Second, the Court did not hold that the clause was ambiguous or open to multiple interpretations. What the Court found was, simply, that the provision at issue, based on the information presented by the parties, was not invalid as a matter of law. Finally, the Court held that a fact question remained for the jury on the issue of whether Blankenship's damages under the Agreement should be otherwise temporally limited. USA Truck has presented no grounds for the Court to reconsider the above holdings and, instead, asks the Court to reconsider a finding, as stated by USA Truck, that it never made. As such, USA Truck's Motion should be denied.

Furthermore, the Court notes that USA Truck filed its Motion two months after entry of the Court's Order. USA Truck does not cite any new legal authority arising in those two months or any new discovery of some material fact which the Court should consider in reaching a contrary finding. USA Truck does state that its "inartful pleading may have misled this Court into ruling that the ambiguous noncompete clause required a jury determination." (Doc. 82, para. 4). In fact, USA Truck initially argued in its pleadings that, at the very least, the provision at issue was "ambiguous and requires the jury to decide the meaning of this provision." (Doc. 77, p. 18). This is completely contrary to the position that USA Truck now attempts to take in its Motion for Reconsideration, in

which it argues that Arkansas law does not permit submitting ambiguous non-compete provisions to a jury for interpretation.  Fortunately for USA Truck, however, the Court does not simply take parties' pleadings at their word when it comes to legal conclusions.  It is the Court's job to determine what legal conclusions should be made based on the law as it stands at the time the Court issues an order.  The Court does not take that role lightly and, therefore, does not simply assume that a party's legal arguments and conclusions are correct and well-founded.  Instead, the Court conducted a review of Arkansas law on the issue, in conjunction with its review of the parties' pleadings and statements at the hearing, and came to its own conclusion that the provision at issue in the instant case is not invalid as a matter of law.  USA Truck cites a couple of new cases in its brief in support of its Motion.  These cases, however, are from 2006 and 2007.  They are not new authority that has arisen in the last two months and, therefore, could have been addressed in USA Truck's prior pleadings or at the pre-trial hearing.  A motion for reconsideration should not be used as a vehicle to simply give a party a second bite at the apple.  Furthermore, the cases cited by USA Truck are not controlling precedent and would not otherwise have persuaded the Court to reconsider its holding.

   For all of the above reasons, USA Truck's Motion should be denied.  Defendant USA Truck's instant Motion does nothing to alter the propriety of the Court's previously-entered Order.  Accordingly, IT IS HEREBY ORDERED that Defendant's Motion for Reconsideration (Doc. 82) is DENIED.  This case remains set for jury trial beginning on October 11, 2011.

   IT IS SO ORDERED this 4th day of October, 2011.

                  /s/ P. K. Holmes, III
                  P.K. HOLMES, III
                  UNITED STATES DISTRICT JUDGE