IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WILLIAM BLANKENSHIP, JR.                                          PLAINTIFF

v.                              Case No. 2:08-CV-02074

USA TRUCK, INC.                                                  DEFENDANT

## ORDER

Currently before the Court is Defendant's Motion to Amend Judgment and for Attorneys' Fees (Doc. 94), and supporting documents, and Plaintiff's Response to Defendant's Motion (Doc. 96). On October 11, 2011, this case proceeded to trial after several years of litigation, and resulted in a jury verdict for the Defendant after a three day trial. On October 13, 2011, the Court entered Judgment (Doc. 93) in favor of the Defendant based on the jury verdict. The Judgment entered by the Court provided that all parties would bear their respective costs and attorney's fees. On October 26, 2011, the Defendant filed the pending motion, and the Court entered an Order (Doc. 102) requesting that the Defendant submit *in camera* the detailed statements reflecting the amounts sought in its motion. On December 7, 2011, counsel for the Defendant submitted a Summary of Attorneys' Fees and Expenses that was provided to Plaintiff's counsel at the direction of the Court, which the Court believes provided Plaintiff with sufficient information for a meaningful review. Defendant also submitted the detailed statements supporting the summary *in camera*. The Court has before it the necessary documents to rule on Defendant's motion. For the reasons stated below, Defendant's Motion to Amend Judgment and for Attorneys' Fees is **GRANTED.**

This action was commenced by the filing of Plaintiff's Complaint on July 8, 2008. The

complaint alleged a cause of action against the Defendant, USA Truck, Inc. ("USA Truck") for breach of contract and for fraud.  The relevant facts are as follows: Plaintiff, William Blankenship, Jr., entered into an agency agreement ("the agreement") to solicit business for USA Truck, who was a commercial truck load carrier.  Under the agreement, Blankenship was to receive commissions for each account that was sold by Blankenship with a commission being calculated on the loads hauled by USA Truck for the account.  The agreement had a termination provision that required USA Truck to pay commissions on loads hauled by USA Truck for any of the listed accounts within 18 months after termination of the agreement.  After termination of the agreement, the parties got into a dispute about the commissions owed to Blankenship for loads hauled by USA Truck during the 18 month period.  The parties settled the dispute, and entered into a settlement agreement and release ("the settlement agreement").  Blankenship filed this action alleging breach of contract involving the underlying agreement, and fraud in the inducement of the settlement agreement.  USA Truck raised settlement and release as a defense.

On March 5, 2009, this Court[1] dismissed the Plaintiff's Complaint based on the settlement agreement and release.  Specifically, the Court granted USA Truck's Motion to Dismiss based largely upon a non-reliance provision in the settlement agreement.  Blankenship appealed the dismissal to the Court of Appeals for the Eighth Circuit, which reversed and remanded the case for trial.  The Court of Appeals stated that the non-reliance provision in the settlement agreement was not a bar to the fraud in the inducement claim, and that fraud in the inducement of the settlement agreement and  release was a fact question.

---

[1] The Order of dismissal was entered by U.S. District Judge Jimm Larry Hendren. This case was subsequently transferred to the undersigned on March 2, 2011.

After remand, this case proceeded through litigation and was reassigned to the undersigned on March 2, 2011. In an Order (Doc. 79) addressing various motions for summary judgment and partial summary judgment, the Court ruled that the instant action was one for breach of contract, and that there was a fact question as to whether the settlement agreement was void due to fraud in the inducement. The Court stated that there were fact questions regarding interpretation of the underlying contract if the settlement agreement was found to be void. In a Pre-trial Order dated July 15, 2011, the Court stated "Blankenship is essentially merely using fraudulent inducement as a defense to enforcement of the settlement agreement. Should Blankenship succeed on his fraudulent inducement claim, his remedy is merely rescission of the settlement agreement and the ability to proceed on his breach of contract action as to the underlying contract." (Doc. 81, p. 4). The Court denied USA Truck's request to bifurcate the trial on the issue of fraud in the inducement, and the case proceeded to trial on all the factual issues regarding the underlying contract and the fraud in the inducement issue.

The Court submitted the factual questions to the jury on interrogatories. The jury reached a unanimous verdict as to the following interrogatory:

> **INTERROGATORY NO. 1**: Do you find, by a preponderance of the evidence, that USA Truck, Inc. fraudulently induced William Blankenship to enter into the Release and Settlement Agreement dated March 6, 2006, as provided for in <u>Instruction 15</u>?
>
> ___Yes     _X_ No

Based upon their answer to the above interrogatory, the jury was not required to complete the remaining interrogatories. On October 13, 2001, the Court entered Judgment (Doc. 93) dismissing Blankenship's Complaint with prejudice, and stating that all parties were to bear their respective costs and attorney's fees.

-3-

USA Truck now seeks recovery of attorney's fees and costs under Ark. Code Ann. § 16-22-308. This statute allows the Court to award attorney's fees, under Arkansas law, to the prevailing party in a civil action based on breach of contract. In an action under both contract and tort, attorney's fees are recoverable if the action was based primarily on contract. *Reed v. Smith Steel, Inc.,* 77 Ark. App. 110 (2002).

The Court finds, in accordance with its previous Orders, that "although Blankenship's Complaint sets forth both breach of contract and fraud claims, the case sounds primarily in contract . . . with the fraud claim being raised in an attempt to defeat a release Blankenship signed with USA Truck." (Doc. 21, p. 3); *see also* Doc. 81, p. 3 ("The Court finds that Blankenship has elected to pursue his fraud in the inducement action in contract - not in tort . . ."). Blankenship's Complaint was one for breach of contract for the failure to pay commissions under an agency agreement that had been terminated. The fraud claim was merely a claim to set aside the settlement agreement which the parties had entered into concerning the underlying breach of contract claim. The parties settled the breach of contract claim for $85,000. Blankenship later claimed that he was fraudulently induced into the settlement agreement and that he would not have settled the breach of contract claim had USA Truck not lied to him. The jury decided against Blankenship on the fraud in the inducement claim, and USA Truck therefore prevailed on the breach of contract claim based upon a valid settlement agreement and release.

Since the action was one primarily based on contract, USA Truck would be entitled to attorney's fees under the statute since it was the prevailing party. The Court next turns to the attorney's fees request to determine the reasonableness of the fee request. USA Truck's brief in support of its motion states that all legal services related to the appeal of the dismissal that was

-4-

reversed by the Court of Appeals are not a part of the fee request.  The fee request is for litigation of this case over a period of three years, including extensive discovery, trial preparation, and a three day trial.  The Court is to follow the factors set out in *Chrisco v. Sun Industries, Inc.* in determining the amount of attorney's fees.  304 Ark. 227 (1990). Those factors are: (1) the experience and ability of the attorney, (2) the time and labor required to perform the service properly, (3) the amount in controversy and the result obtained in the case, (4) the novelty and difficulty of the issues involved, (5) the fee customarily charged for similar services in the local area, (6) whether the fee is fixed or contingent, (7) the time limitations imposed upon the client under the circumstances; and (8) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the attorney. *Id.; see also South Beach Beverage Co., Inc. v. Harris*, 138 S.W.3d 102, 108 (Ark. 2003). Not all of these factors are applicable to consider an award for a successful defense of a contract action.

The attorneys representing USA Truck based their fees on an hourly rate and the time necessary to respond to and take discovery, prepare for trial, and litigate the case during the trial itself.  The Court has reviewed *in camera* all of the statements the attorneys submitted to the Defendant for the defense of this case, excluding the appeal to the Court of Appeals.

The Court finds that the attorneys employed by USA Truck are experienced and have the ability to defend significant commercial litigation.  The time and labor necessary to engage in discovery was significant in light of the intensive document requests, and the depositions necessary to ferret out Blankenship's theory of the case on his breach of contract claim.  The amount of time for discovery involving Blankenship's fraud in the inducement claim was likewise time consuming. The hourly rate charged by the attorneys is fair and reasonable for commercial litigation in the local

-5-

area.  Blankenship's damages claims were substantial for a commercial case, even though a portion

of Blankenship's damages claims was dismissed on summary judgment.  While the case involved

significant commercial litigation, the issues were not too complex or novel, but did require intense

preparation because of the magnitude of the damages claims.  USA Truck prevailed in a "high

stakes" plaintiff's case.  The Court believes that USA Truck's request for attorneys' fees of

$196,515.50 and costs of $12,492.25 is fair and reasonable under the factors set out in *Chrisco v. Sun*

*Industries, Inc., supra.*

       **IT IS THEREFORE ORDERED** that USA Truck's Motion to Amend Judgment and for

Attorney's Fees is **GRANTED** and that USA Truck is awarded attorneys' fees of $196,515.60 and

costs of $12,492.25. An Amended Judgment shall be filed contemporaneously herewith.

       IT IS SO ORDERED this 13th day of December, 2011.


          /s/ P. K. Holmes, III

          P.K. HOLMES, III
          UNITED STATES DISTRICT JUDGE