IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

WILLIAM BLANKENSHIP, JR.                                                         PLAINTIFF

v.                                        No. 2:08-CV-02074

USA TRUCK, INC.                                                                  DEFENDANT

**<u>ORDER</u>**

Currently before the Court is Plaintiff William Blankenship. Jr.'s Motion to Alter Judgment or, in the alternative, Motion for Reconsideration of the Award of Attorney Fees and Expenses (Doc. 109) and supporting documents, and Defendant USA Truck, Inc.'s ("USA Truck") Response to Plaintiff's Motion (Doc. 110). Plaintiff also filed a Reply (Doc. 112) without leave of Court, which the Court, nevertheless, has read and considered. On December 13, 2011, the Court entered an Order (Doc. 105) granting Defendant's Motion to Amend Judgment and for Attorneys' Fees, and entered an Amended Judgment (Doc. 104) awarding attorneys' fees and costs. The Court has before it the necessary documents to rule on the instant Motion. For the reasons stated below, Plaintiff's Motion (Doc. 109) is **DENIED.**

Plaintiff Blankenship asks this Court to reconsider its Order awarding attorneys' fees and expenses to Defendant USA Truck**.** USA Truck was the prevailing party in a contract action brought by Blankenship. Blankenship asserted claims for fraud in the inducement of a settlement agreement and breach of contract on the underlying contract between the parties. The Court entered a Judgment in favor of USA Truck after a jury returned a verdict on an interrogatory which found that Blankenship had no valid claim for fraud in the inducement of the settlement agreement. USA Truck filed a timely motion to recover attorneys' fees and expenses under Arkansas law, Ark. Code Ann.

§ 16-22-308, which allows the prevailing party in a contract action to recover attorneys' fees and expenses. Attached to USA Truck's Motion was an affidavit in support of the request for attorneys' fees and expenses. (Doc. 94-1). Blankenship's Response (Doc. 96) asked the Court to deny the motion for attorneys' fees and expenses because the Court had already entered its Judgment stating that each party should bear its own costs and attorneys' fees, and that the award of fees and costs was discretionary with the Court. The Court entered an Order (Doc. 102) directing USA Truck to submit for *in camera* review detailed statements reflecting the amounts sought. USA Truck complied with the Order. The Court further directed USA Truck to provide Blankenship's counsel with a summary breakdown of its counsel's fees submission in lieu of submitting the detailed statements to Blankenship's counsel. Blankenship did not file a counter-affidavit challenging USA Truck's request for attorneys' fees and expenses. Blankenship asked the Court, instead, after receiving USA Truck's summary, to redact the detailed statements for any privileged and confidential information and to allow Blankenship to review the redacted, detailed statements.

The procedure to recover costs and fees is governed by Fed. R .Civ. P. 54(d)(2), which requires that a claim for fees must be made by motion within 14 days after entry of judgment. The rule further provides that a party opposing the request be given an opportunity to make "adversary submissions on the motion" and that special procedures to resolve fee related issues may be established by local rule. Fed. R. Civ. P. 54(d)(2)(C) & (D). Special procedures for submitting fee requests have been adopted by local rule in this district. W.D. Ark. R. 54.1. The party filing the motion must do so within 14 days of entry of the judgment. *Id.* Specifically, the petitioner for fees must file an affidavit setting out the time spent in the litigation, and factual matters pertinent to the petition for attorneys' fees. *Id.* The opposing party must file any objections to an allowance of fees

within 14 days after service of the motion for fees and expenses. *Id.* "The respondent may, by counter affidavit, controvert any of the factual matters contained in the petition and may assert any factual matters bearing on the award of attorney's fees." *Id.*

The Court followed the factors set out in *Chrisco v. Sun Industries, Inc.,* 304 Ark. 227, (1990), in determining the amount of attorneys' fees and expenses to be awarded in this case. Analysis of those factors requires objective consideration of facts provided by the party seeking an award of fees and costs that can be challenged with countervailing facts through a counter-affidavit, as allowed by local rule. While the Court does not feel it is necessary to discuss again the *Chrisco* factors, the record in this case, including the affidavit provided by USA Truck, the summary breakdown of the fees submission, and the *in camera* review of the detailed submissions by USA Truck, were sufficient to determine an appropriate award of attorneys' fees and expenses. While Blankenship filed a short Response to USA Truck's original motion for fees, Blankenship did not provide any countervailing facts to challenge the facts provided by USA Truck in its motion and attached affidavit. The detailed statements, which the Court reviewed *in camera*, were not necessary for Blankenship to be able to challenge the appropriateness of the fees requested by USA Truck under the *Chrisco* factors. Rather, the Plaintiff had sufficient information to prepare an adversary submission through an affidavit, as required by the local rule. In *Great Plains Real Estate Development, L.L.C. v. Union Central Life Insurance Company,* 536 F. 3d 939 (8th Cir. 2008), the Eighth Circuit affirmed a district court's award of attorneys' fees where the opposing party challenged that the district court did not afford them a chance to respond to a request for fees. The Eighth Circuit found that, because the party opposing the fee award did not follow the special procedures to challenge the appropriateness of the amounts awarded as set forth in the federal and

local rules applicable to the case, the district court did not abuse its discretion in awarding fees and expenses based upon the submissions of the party seeking recovery of attorneys' fees and expenses.[1] *Id.* at 946.

In the case at hand, Blankenship failed to follow the procedure set forth in Fed. R. Civ. P. 54 or Local Rule 54.1 for challenging USA Truck's submissions. Furthermore, as the Court stated in its previous Order, and as restated herein, Blankenship had sufficient information – from USA Truck's Motion, attached affidavit, and subsequently-provided summary – to allow for meaningful review of the fees requested. Based on the Court's review, as set forth in its previous Order, and given the complex and lengthy nature of the instant litigation, the Court found that USA Truck's request for attorneys' fees and costs was fair and reasonable under the *Chrisco* factors.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Alter Judgment (Doc. 109) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Alternative Motion for Reconsideration of the Award of Attorney Fees and Expenses (Doc. 109) is likewise **DENIED**.

IT IS SO ORDERED this 9th day of January, 2012.

*/s/ P. K. Holmes, III*
P.K. HOLMES, III
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes, as well, that the Eighth Circuit recognized that a district court would likely have discretion to deny a request for adversary submissions under Fed. R. Civ. P. 54(d)(2)(C) where the facts surrounding whether or not to award attorney fees and costs were "of record." *Id*. at 946 n. 6. In this case, the facts surrounding whether or not an award of attorneys' fees would be appropriate – without regard to the amount to be awarded – were of record, and adversary submissions would not have been necessary for the Court to make that determination.